# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| JULIE K. HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-CV-04075-DGK |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REMANDING CASE TO THE COMMISSIONER

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Julie K. Harper's application for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including diabetes with peripheral neuropathy, ischemic heart disease and coronary artery disease status post-acute myocardial infarction and surgery, chronic idiopathic urticaria, venous reflux, degenerative disc disease, morbid obesity, depression, anxiety, and degenerative joint disease, tendonitis, and partial thickness tear of the left shoulder. But the ALJ found she retained the residual functional capacity ("RFC") to perform a range of light work with some additional restrictions, including work as a housekeeping cleaner, routing clerk, photocopy machine operator, storage facility rental clerk, furniture rental clerk, and information clerk.

Because the Court cannot determine whether the ALJ's decision is supported by substantial evidence, this case is REMANDED to the Commissioner for further proceedings consistent with this Order.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application for SSI on July 10, 2020, alleging a disability onset date of June 26, 2020. The Commissioner denied the application at the initial claim level, and an ALJ issued an unfavorable opinion in 2021. On May 3, 2023, the Appeals Council remanded the case back to the ALJ.

The ALJ issued another unfavorable decision on July 25, 2023. The Appeals Council denied Plaintiff's request for review on March 11, 2024, leaving the ALJ's decision as the Commissioner's final decision. Since Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin, 789 F.3d 847, 852* (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not

outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that the ALJ erred in finding her not disabled because, after the Appeals Council remanded in 2023, she suffered from new disabling impairments. More specifically, Plaintiff faults the ALJ for not explaining more thoroughly how her worsening degenerative disc disease, left shoulder degenerative joint disease, and venous reflux did not result in disabling functional limitations after the 2023 remand. Defendant argues generally how substantial evidence supports the ALJ's various findings, but he does not specifically address how record evidence supports the functional limitations assessed due to these newer, worsening conditions.

The Court cannot tell whether substantial evidence supports the ALJ's opinion that Plaintiff's worsening conditions after the remand do not impose disabling limitations. Because of the Appeals Council's remand, the medical opinion evidence in this case occurred several years before the ALJ's second opinion finding Plaintiff not disabled. The ALJ acknowledged this in her

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014). Through Step Four of the analysis, Plaintiff bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that Plaintiff can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

thorough opinion, discounting the medical opinions because they did not have the benefit of updated record evidence suggesting Plaintiff's conditions had worsened. The ALJ then imposed additional restrictions based on the worsening conditions. But it is unclear whether, and to what extent, record evidence supports the ALJ's determination that the worsening conditions did not impose disabling limitations. *See Noerper v. Saul*, 964 F.3d 738, 744–47 (8th Cir. 2020).

In most cases on appeal, the Commissioner cites record evidence that supports the ALJ's determination that the challenged impairments do not support the alleged disabling limitations. For example, the Commissioner will cite treatment notes showing that although conditions may have worsened, they still did not impose disabling functional limitations. *See Teresa L. v. Kijakazi*, No. 2:22-CV-00056-JMB, 2023 WL 5289227, at *6 (E.D. Mo. Aug. 17, 2023). Although the Commissioner cited evidence supporting various findings, he did not cite substantial record evidence demonstrating that the three highlighted impairments did not impose disabling limitations post-remand. And the Court will not sua sponte scour the voluminous record to find evidence to support the Commissioner's arguments.

Thus, the Court finds that remand is appropriate for further clarification. While it might be helpful to get an updated medical opinion here given the multi-year lag between the initial medical opinions and the challenged disability determination, the Court is not implying that the ALJ must always have an up-to-the-second medical opinion to support an RFC. To the contrary, "[a]lthough medical source opinions are considered in assessing the RFC, the final determination is left to the Commissioner . . . based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of her limitations." *Noerper*, 964 F.3d at 744 (quotation marks and internal citations omitted). Nor is the Court suggesting that the ALJ must issue an opinion that "mechanically list[s] and reject[s]

every possible limitation" because that is not the law. *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). Simply put, this ruling and its precedential value are limited to the unique circumstances of this case.

In remanding for further clarification, the Court is not indicating what it believes the ultimate disability determination should be. That decision is reserved for the Commissioner.

## Conclusion

Because the Court cannot determine whether the ALJ's decision is supported by substantial evidence, this matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date: June 2, 2025                    /s/ Greg Kays
                                      GREG KAYS, JUDGE
                                      UNITED STATES DISTRICT COURT